UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LATANYA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>SUSHIL CAPITAL, LLC, and DOES 1 to 10,<br><br>Defendants. | Case No.: SACV 22-01788-CJC (ADSx)<br><br>ORDER GRANTING IN SUBSTANTIAL PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Dkt. 16] |

**I. INTRODUCTION & BACKGROUND**

In this case, Plaintiff Latanya Williams alleges that Defendant Sushil Capital, LLC and unnamed Does violated the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), California's Disabled Persons Act ("DPA"), and California's Health and Safety Code, and were negligent. (Dkt. 1 [Complaint].) Plaintiff "is a paraplegic due to T9 spinal cord injury and requires the use of a wheelchair at all times when traveling in public." (*Id.* ¶ 1.) She alleges that she visited Defendant's "café business establishment" (the "Business") in Claremont, California in July 2022. (*Id.* ¶¶ 2,

10–11.) Defendant owns the property where the Business is located. (Dkt. 17-3 [Declaration of Jason J. Kim, hereinafter "Kim Decl."] ¶ 4.)

Plaintiff alleges that she "personally encountered a number of barriers that interfered with her ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business." (Compl. ¶ 12.) Specifically, she alleges that Defendant "failed to provide the parking space identification sign with the International Symbol of Accessibility," "failed to post required signage such as 'Van Accessible' and 'Minimum Fine $250,'" "failed to provide the access aisles with level surface slopes," and "failed to provide a proper ramp for the persons with disabilities." (*Id.* ¶¶ 13 a.–d.) Plaintiff asserts that the failure to provide accessible parking violates the ADA, Unruh Act, DPA, and Health and Safety Code, and was negligent. She seeks injunctive relief under the ADA and statutory damages under the Unruh Act and DPA. (*Id.* at ¶¶ 31, 37, 43; *id.* at 12.) The Court declined to exercise jurisdiction over Plaintiff's state law claims, so the only remaining claim in this case is Plaintiff's ADA claim. (Dkt. 12.)

Defendant failed to appear in this action and the clerk entered default against it. (Dkt. 15.)[1] Now before the Court is Plaintiff's motion for default judgment. (Dkt. 16.) For the following reasons, the motion is **GRANTED IN SUBSTANTIAL PART**.[2]

**II. ANALYSIS**

In determining whether granting default judgment is appropriate, the Court examines (1) its jurisdiction, (2) whether Plaintiff has met the procedural requirements

---

[1] Although the Complaint includes unnamed Doe Defendants, Plaintiff has not identified any of these Defendants and now seeks final judgment in this action. Plaintiff has therefore indicated that she does not intend to continue litigating this case against the unnamed Defendants.

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 9, 2023, at 1:30 p.m. is hereby vacated and off calendar.

for default judgment, (3) the merits of Plaintiff's motion for default judgment, and (4) whether it is appropriate to grant the relief Plaintiff seeks.

### A.  Jurisdiction and Service of Process

In considering whether to enter default judgment against a defendant, a court must first determine whether it has jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  It must also determine whether there was sufficient service of process on the party against whom default judgment is requested. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).

The Court has federal question jurisdiction over Plaintiff's ADA claim—his sole remaining claim.  *See* 42 U.S.C. § 1201.  The Court has personal jurisdiction over Defendant because it owns the Business, which is located in this District.  (Kim Decl. ¶ 4.)  There has also been adequate service of process, as Defendant was personally served.  (Dkt. 13.)

### B.  Procedural Requirements for Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure and Central District Local Rule 55-1 require that applications for default judgment set forth the following information: "(1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required." *Philip Morris USA Mc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Here, the procedural requirements for default judgment have been satisfied: (1) the clerk entered default against Defendant on November 21, 2022, (Dkt. 15); (2) default was entered as to the Complaint, (Kim Decl. ¶ 5); (3) Defendant is not an infant or an incompetent person, (*id.* ¶ 3); and (4) the Soldiers' and Sailors' Relief Act of 1940 does not apply, (*id.*). The fifth requirement, notice of the application, is not required because Defendant has failed to appear in this action altogether. Fed. R. Civ. P. 55(b)(2). Nevertheless, Plaintiff served Defendant with a copy of this application. (Kim Decl. ¶ 6.)

### C. Merits of the Motion for Default Judgment

After entry of default, a court may grant default judgment on the merits of the case. Fed. R. Civ. P. 55(a)–(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors articulated in *Eitel v. McCool*, 782 F.2d 1470, (9th Cir. 1986), in exercising such discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471–72. Because default has been entered in this case, the Court must construe as true all of "the factual allegations of the complaint, except those relating to the amount of damages." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The *Eitel* factors weigh in favor of a default judgment.

//

//

### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor weighs in Plaintiff's favor because without a default judgment, she would lack any other recourse for recovery since Defendant has failed to appear or to defend this suit. *See Seiko Epson Corp. v. Prinko Image Co. (USA)*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse.").

### 2. & 3. The Merits of the Claim and the Sufficiency of the Complaint

Even when default is entered, courts must still determine whether the facts alleged give rise a cognizable cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Accordingly, the second and third *Eitel* factors, taken together, "require that a plaintiff state a claim on which [the plaintiff] may recover." *Philip Morris*, 219 F.R.D. at 498. In their analysis of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff adequately states a claim for violation of the ADA. The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities . . . or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily available." *Id.* § 12182(b)(2)(A)(iv).

To prevail on such a claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) the defendant denied the plaintiff public accommodations because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Plaintiff alleges that she "is a paraplegic due to T9 spinal cord injury and requires the use of a wheelchair at all times when traveling in public." (Compl. ¶ 1.) She therefore sufficiently alleges a disability, which includes "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102. Plaintiff also alleges that Defendant owns the property at issue and operates there a cafe that is open to the public. (Compl. ¶ 2; *see* Kim Decl. ¶ 4.) This adequately alleges that Defendant "owns, leases (or leases to), or operates" a place of public accommodation. *See* 42 U.S.C. § 12182(a); *see also* 42 U.S.C. § 12181(7)(B) (defining public accommodations to include "a restaurant, bar, or other establishment serving food or drink").

Finally, Plaintiff alleges that she was discriminated against based on her disability because Defendant failed to provide a properly-designated accessible parking space marked with an accessibility symbol and proper signage. (Compl. ¶ 13.) This is sufficient to allege that Plaintiff was denied equal access to a public accommodation because of her disability. *See* 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv). Because Plaintiff has sufficiently pleaded her ADA claim, the second and third *Eitel* factors weigh in favor of entry of default judgment.

//
//
//

### 4. The Sum of Money at Stake

The fourth *Eitel* factor requires a court to "consider the amount of money at stake in relation to the seriousness of [the defendant's] conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Here, Plaintiff requests injunctive relief and $2,717 in attorney fees. The low sum of money at stake, when viewed in light of the alleged ADA violations, weighs in favor of default.

### 5. & 6. The Possibility of a Dispute Concerning Material Facts and Whether the Default was Due to Excusable Neglect

The fifth and sixth *Eitel* factors require the Court to determine whether it is likely that there would be a dispute as to material facts and whether Defendant's failure to litigate is due to excusable neglect. When a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is low. *See Landstar Ranger, Inc. v. Parth Entm't, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). There is also no indication that Defendant's default was due to excusable neglect, because it failed to appear altogether despite being served with the Complaint. *See Adobe Sys. Inc. v. Kern*, 2009 WL 5218005, at *6 (N.D. Cal. Nov. 24, 2009) ("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect."). Given that Plaintiff's factual allegations are taken as true, and that Defendant has failed to oppose Plaintiff's motion, the Court is not aware of any factual disputes that would preclude the entry of default judgment. Accordingly, both of these *Eitel* factors weigh in favor of default.

//

### 7. The Public Policy Favoring Decisions on the Merits

Because public policy favors resolution of cases on the merits, this factor always weighs against granting a motion for default judgment. "The mere enactment of Rule 55(b), however, indicates that 'this preference, standing alone, is not dispositive.'" *Prinko Image Co.*, 2018 WL 6264988, at *3 (quoting *PepsiCo*, 238 F. Supp. 2d at 1177). Indeed, Defendant's choice not to defend itself renders a decision on the merits "impractical, if not impossible." *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. Because none of the other factors weigh against default judgment, the policy favoring resolution on the merits does not prevent the Court from granting default judgment in this case.

### 8. Conclusion

For the foregoing reasons, the *Eitel* factors favor granting Plaintiff's motion for default judgment. Default judgment will be entered against Defendant on Plaintiff's ADA claim.

### D. Relief Sought

Once a court concludes that default judgment is appropriate, it must determine what relief is warranted. A plaintiff carries the burden of proving damages and any other requests for other relief. *See Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Here, Plaintiff seeks injunctive relief, attorney fees costs.

//
//
//

### 1. Injunctive Relief

Plaintiff first seeks an injunction ordering Defendant "to provide an accessible parking space at the property located at or about 701 S. Indian Hill Blvd., Claremont, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines." (Dkt. 16-5 [Proposed Judgment].) When, as here, an injunction is "sought to prevent the violation of a federal statute which specifically provides for injunctive relief," the standard requirements for equitable relief do not need to be satisfied. *See Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175–76 (9th Cir. 2010) (internal quotation marks and citation omitted).

As discussed above, Plaintiff has stated a viable ADA claim through her assertions that the Business fails to provide ADA-compliant accessible parking. And the ADA permits injunctive relief to "alter facilities to make [them] readily accessible." 42 U.S.C. §12188(a)(2). Injunctive relief requiring Defendant to provide ADA-compliant accessible parking is therefore appropriate. *See Vogel*, 992 F. Supp. 2d at 1015.

### 2. Fees and Costs

Next, Plaintiff seeks $2,130 in attorney fees and $587 in litigation costs. (Kim Decl. ¶ 7; Ex. A.) In ADA cases, courts calculate attorney fees using the lodestar approach. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation and quotations omitted). The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market

rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation omitted).

### a. Hourly Rates

Plaintiff's fee request is based on rates of $500 per hour for Jason J. Kim and $100 for his paralegal, "MSO." (Kim Decl. Ex. A.) "In establishing the reasonable hourly rate, the Court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1170 (N.D. Cal. 2015).

On the first factor, the issues here are not especially novel or complex. Construction-related accessibility litigation takes up nearly one-quarter of the Central District of California's civil caseload. This sort of litigation is "entirely boilerplate" in nature, and often involves "carbon-copy complaints." *Tate v. Deoca*, 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018); *Fernandez v. Golen*, 2020 WL 2113673, at *6 (C.D. Cal. May 4, 2020) (same); *see Perri v. D & R Rest., Inc.*, 2020 WL 2036656, at *3 (C.D. Cal. Jan. 28, 2020) (referencing the "boilerplate nature of much of th[e] work" in a construction-related accessibility case). Neither Plaintiff nor her counsel are strangers to this type of litigation. In the twelve months preceding the filing of this complaint, Plaintiff filed 75 ADA cases in this district alone, according to the Court's search of the Central District of California's docket. Plaintiff's counsel has also filed hundreds if not thousands of these nearly identical cases. And as counsel's billing records show, much of the work could have been performed by less senior attorneys. (*See* Kim Decl. Ex. A); *Lopez v. Silva*, 2020 WL 2619163, at *3 (C.D. Cal. Apr. 16, 2020).

Given these realities, the Court is skeptical that $500 is a reasonable hourly rate for counsel's work, especially on default judgment. *See Langer v. Kha Dinh Nguyen*, 2019 WL 7900270, at *6 (C.D. Cal. Nov. 27, 2019) ("[T]he Court is skeptical that an ordinary ADA case *on default judgment* justifies work at an hourly rate of $425."). "The Court recognizes the time necessary to prepare filings in this matter and to investigate and identify the proper defendants, but this litigation is not particularly complex or laborious, nor has it been litigious as Defendants failed to answer." *Rutherford v. JJ's Mkt. & Liquor*, 2020 WL 883220, at *6 (C.D. Cal. Feb. 24, 2020).

On the second factor, counsel offers no evidence of his special skill or experience. The only facts that Mr. Kim offers in favor of his $500 billing rate are that he has been in practice for over 20 years and he has substantial experience litigating disability cases. (Kim Decl. ¶ 2.) This is particularly noteworthy because this Court has previously noted that Mr. Kim failed to justify his billing rate, yet he fails to supplement his request. *See Yiun v. 840 Fairfax Owner LLC*, 2021 WL 4978465, at *5 (C.D. Cal. June 7, 2021).

On the third factor, the quality of the representation here was adequate. Finally, on the fourth factor, although Plaintiff will obtain judgment against Defendant, the results obtained by obtaining default judgment are not particularly exceptional.

After weighing these factors, the Court determines that $300 is a more reasonable hourly rate for Mr. Kim. *See id.* (awarding Mr. Kim a $300 hourly rate); *Langer*, 2019 WL 7900270, at *6 (concluding, based on the court's experience and judgment, that a blended rate of $300 would reflect an appropriate use of attorneys and paralegals to perform the work required to take that ADA case from complaint to judgment); *see also Rutherford*, 2020 WL 883220, at *6 (reducing fees in ADA case on default judgment "[i]n light of the redundancy of work, familiarity with [the plaintiff], expertise in the area

of law, and straightforward nature of the case involved for the extensively-trained attorneys"). The Court will award the requested rate of $100 per hour for the paralegal.

### b. Hours Spent

Turning to whether the time counsel spent on this case was reasonable, Kim submitted an affidavit with an itemized billing statement providing a breakdown of the 6.5 hours that he and his paralegal spent on this case. (Kim Decl. Ex. A.) Reasonable hours expended on a case are hours that are not "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citation omitted).

The Court has reviewed the billing records provided and concludes that the hours spent—3.7 hours by Mr. Kim and 2.8 hours by the paralegal—are reasonable. Accordingly, the Court awards $1,390 in attorney fees—3.7 hours at a $300 hourly rate for Mr. Kim, and 2.8 hours at a $100 hourly rate for the paralegal.

Plaintiff also seeks to recover $587 in costs—the $402 filing fee, $80 for service of process, $60 for gas and mileage reimbursement, and $45 for the purchase of a deed. (Kim Decl. Ex. A.) The Court declines to award Plaintiff costs for the deed purchase or gas and mileage reimbursement. Counsel does not explain why a deed purchase was necessary, and indeed did not submit any deed in support of Plaintiff's motion. *See Park v. Las Virgenes Mobil, Inc.*, 2022 WL 2102016, at *6 (C.D. Cal. Apr. 25, 2022) (declining to award costs to Mr. Kim for deed purchase in ADA case on default judgment). And as to the gas and mileage reimbursement, Local Rule 54-3.6 provides that witnesses may recover mileage or other travel expenses, but it does not provide reimbursement for attorneys. *Id.* (declining to award gas and mileage to Mr. Kim in ADA case on default judgment); *see also Luna v. Sithi*, 2021 WL 6752197, at *6 (C.D.

Cal. Oct. 28, 2021) ("[T]he Court finds the inclusion of Gas & Mileage in costs to be improper."); *Kim v. Yan*, 2021 WL 5994497, at *4 (C.D. Cal. Oct. 14, 2021) (denying cost request for deed purchase and mileage). Accordingly, the Court reduces Plaintiff's costs by $105.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment on his ADA claim is **GRANTED IN SUBSTANTIAL PART**. Plaintiff is awarded (1) injunctive relief requiring Defendant to provide ADA-compliant accessible parking at the Business, and (2) $1,390 in attorney fees and $482 in costs. The Court will issue a judgment consistent with this Order.

DATED:   December 20, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE